UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROBINSON, | Case No. 2:25-cv-2348-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CLEAR RECON CORP., *et al.*, | |
| Defendants. | |

Plaintiff brings this action against Clear Recon Corporation and Wells Fargo Bank. Her complaint fails to state a claim and is therefore dismissed. I will give plaintiff leave to amend to file an amended complaint that better explains the factual basis for her claims. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant erred in applying mortgage payments, which caused her harm, including being subject to foreclosure proceedings. ECF No. 1 at 3. For instance, she claims that she made mortgage payments intended for her father's property, but that defendants incorrectly applied the payments to plaintiff's mortgage. *Id.* She also states that she had filed for Chapter 7 and Chapter 13 bankruptcies and thus was protected from foreclosure. *Id.*

These limited allegations, however, are insufficient to put defendants and the court on notice of plaintiff's claims and the factual basis for them. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint does not allege when these misapplied payments occurred, when her home was foreclosed upon, or

1   what specific actions each specific defendant did to produce the alleged harm.

2   Plaintiff has also filed a motion styled as a motion for equitable tolling. ECF No. 3. In it,
3   she requests that the court apply equitable tolling to her claims. However, since the complaint
4   has not stated a cognizable claim, the court cannot determine if tolling is appropriate at this time
5   and thus will deny the motion.

6   Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
7   plaintiff a chance to amend her complaint before recommending that this action be dismissed.
8   Plaintiff should also take care to add specific factual allegations against defendant. If plaintiff
9   decides to file an amended complaint, the amended complaint will supersede the current one. *See*
10  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
11  amended complaint will need to be complete on its face without reference to the prior pleading.
12  *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer
13  serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to
14  assert each claim and allege defendant's involvement in sufficient detail. The amended complaint
15  should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff
16  does not file an amended complaint, I will recommend that this action be dismissed.

17  Accordingly, it is hereby ORDERED that:

18  1. Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

19  2. Plaintiff's motion for equitable tolling, ECF No. 3, is DENIED.

20  3. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

21  4. Within thirty days from service of this order, plaintiff shall file either (1) an amended
22  complaint or (2) notice of voluntary dismissal of this action without prejudice.

23  5. Failure to timely file either an amended complaint or notice of voluntary dismissal may
24  result in the imposition of sanctions, including a recommendation that this action be dismissed
25  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

26  6. The Clerk of Court shall send plaintiff a complaint form with this order.

27

28

IT IS SO ORDERED.

Dated:   October 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE