UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANET ROBINSON,

Plaintiffs,

v.

CLEAR RECON CORP., *et al.*,

Defendants.

Case No.  2:25-cv-2348-DJC-JDP (PS)

ORDER

Plaintiff, proceeding without counsel, alleges that defendants violated her rights under state law and Fair Credit Reporting Act ("FCRA").  She has stated, for screening purposes, viable claims against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), which has already been served and filed an answer, ECF Nos. 7 & 8.  For the reasons stated below, however, she has failed to state any viable claim against defendant Clear Recon Corporation ("Clear Recon").  She may either proceed only with her claims against Well Fargo, or file another amended complaint.

Screening Order

I.     Legal Standard

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

I have reviewed the complaint and cannot tell how, if at all, Clear Recon is alleged to have violated plaintiff's rights under either federal or state law. The complaint makes repeated references to alleged wrongdoing by Wells Fargo, but fails to explain what role Clear Recon played in the mortgage issues giving rise to this action. Accordingly, the complaint fails to fulfill federal pleading standards and put this defendant on notice of the claims against it. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) ("[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction.").

2

Plaintiff shall indicate, within thirty days of this order's entry, indicate that she wishes to proceed only with her claims against Wells Fargo, or file another amended complaint.

Finally, I will deny plaintiff's motion for e-filing, ECF No. 5, without prejudice. In order to effectively manage the docket in *pro se* cases, the court generally disallows pro se litigants from using the e-filing system. As of now, plaintiff has not shown a need for e-filing and has been able to file through the Clerk's Office. She may renew her motion in the future and explain why e-filing is necessary.

Conclusion

Accordingly, it is ORDERED that:

1.     Within thirty days, plaintiff may confirm her intent to proceed only with her claims against Wells Fargo or, within that same time, file an amended complaint. She is advised that an amended complaint will supersede the current one, be complete in itself, and be titled "Second Amended Complaint."

2.     Plaintiff's motion for e-filing, ECF No. 5, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    April 7, 2026                                              _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3