UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROBINSON,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 2:25-cv-2348-DJC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Janet Robinson, proceeding pro se, brings this action against defendant Wells Fargo Bank, N.A, alleging that defendant misapplied plaintiff's mortgage payments. Defendant now moves to dismiss on the basis of res judicata. ECF No. 12. For the reasons stated below, I recommend that defendant's motion be granted with prejudice.

**Background**

Plaintiff maintained two mortgage-related accounts with defendant: one for her property and one for her father's property. ECF No. 11 ¶¶ 9-11. Between approximately 2014 and 2015, plaintiff intended to make payments on her father's mortgage. *Id.* ¶ 10. However, in 2016, plaintiff discovered that defendant "misapplied those payments to Plaintiff's own mortgage account, which was then subject to bankruptcy protections." *Id.* ¶¶ 11, 13. Plaintiff disputed the "account discrepancies" with defendant and also disputed "inaccurate reporting with consumer reporting agencies." *Id.* ¶¶ 14-15. Plaintiff alleges that defendant "failed to conduct a reasonable

investigation and continued furnishing inaccurate mortgage-related information." *Id.* ¶ 17. As a result, plaintiff allegedly suffered denial of credit, financial damages, and foreclosure of her home. *Id.* ¶¶ 19-20.

**Procedural History**

Plaintiff initiated this action in August 2025 against defendants Wells Fargo and Clear Recon Corp. ECF No. 1. In April 2026, I found that while plaintiff had stated cognizable claims for screening purposes against Wells Fargo, she had not done so as to Clear Recon Corp. ECF No. 9 at 2-3. In May 2026, plaintiff filed the second amended complaint ("SAC"), bringing claims only against Wells Fargo and thereby dismissing Clear Recon Corp. from this action.[1] ECF No. 11.

Defendant now moves to dismiss the SAC on the basis that plaintiff's claims are barred by res judicata. ECF No. 12. Plaintiff has filed an opposition, ECF No. 14, and defendant has filed a reply. ECF No. 15. Plaintiff filed a supplemental opposition on the same day that defendant filed its reply, and eleven days after filing her initial opposition. *See* ECF No. 16. A party opposing a motion is only afforded one opportunity to file an opposition brief. *See* E.D. Cal. L.R. 230(c). While the court could strike this filing as improperly filed, I have considered both filings from plaintiff given her pro se status.[2]

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] I will instruct the Clerk of Court to terminate Clear Recon Corp. from this action.

[2] Plaintiff also has filed a motion for permission to electronically file. ECF No. 10. I will deny this motion for failing to state good cause for departure from this District's local rules. *See* E.D. Cal. L.R. 133(b)(3).

*Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Request for Judicial Notice**

Defendant has filed an unopposed request for judicial notice that contains judicial records from prior proceedings involving both parties. ECF No. 13. The records reveal that the present action is the fourth case that plaintiff has brought against Wells Fargo. In 2018, plaintiff, through counsel, initiated *Robinson v. Clear Recon Corp. et al* in Sacramento County Superior Court, Case No. 34-2018-00239112. ECF No. 13 at 44. In July 2020, the state court granted Wells

Fargo's motion for summary judgment and entered judgment accordingly. *Id*. at 69.

While the state court case was pending, plaintiff filed a pro se complaint in *Robinson v. Clear Recon Corp. et al*., Case No. 2:19-cv-0568-TLN-AC (E.D. Cal. 2019). *Id*. at 71. Later in 2019, the court dismissed the action without prejudice for plaintiff's failure to prosecute. *Robinson v. Clear Recon Corp. et al.*, Case No. 2:19-cv-0568-TLN-AC, ECF No. 18 (E.D. Cal. August 2, 2019).

In September 2020—after the state court action had ended—plaintiff, through counsel, filed a third suit against Wells Fargo. *See Robinson v. Clear Recon Corp. et al*., Case No. 2:20-cv-1874-DAD-CKD (E.D. Cal. 2020). In July 2022, plaintiff filed a second amended complaint. ECF No. 13 at 89. In February 2023, pursuant to a settlement agreement, plaintiff and Wells Fargo stipulated to dismiss the action with prejudice. *Id*. at 109. On that same day, the court held that, pursuant to Federal Rule of Civil Procedure 41 and the parties' stipulation, the action was dismissed with prejudice. *Robinson v. Clear Recon Corp. et al*., Case No. 2:20-cv-1874-DAD-CKD, ECF No. 73 (E.D. Cal. February 24, 2023).

Because these records are properly subject to judicial notice, defendant's request, ECF No. 13, is granted. *See* Fed. R. Evid. 201(b).

**Discussion**

Defendant argues that plaintiff's claims are barred by claim preclusion. ECF No. 12 at 11-13. Plaintiff counters that this action involves "distinct claims and injuries" such that her claims are not barred.[3] ECF No. 14 at 19.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. In order for res judicata

[3] As an initial matter, plaintiff argues that this issue presents factual questions that cannot be resolved at the pleading stage because res judicata is an affirmative defense. ECF No. 14 at 19-20. However, while "[o]rdinarily affirmative defenses may not be raised by motion to dismiss, . . . this is not true when, as here, the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Indeed, claims "may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the [c]ourt is able to discern the relevant facts by way of judicial notice of the earlier court proceedings." *Rasooly v. Self*, No. 14-cv-4521-JSC, 2015 WL 3430092, at *2 (N.D. Cal. May 27, 2015), *aff'd sub nom. Rasooly v. Tarin*, 691 F. App'x 432 (9th Cir. 2017) (citing *Scott*, 746 F.2d at 1378).

to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (internal citations omitted).

The parties seemingly agree that the second and third factors are satisfied. Regarding the second factor, plaintiff and Wells Fargo stipulated to dismiss the prior action with prejudice. ECF No. 13 at 109. "The dismissal of the action with prejudice constitutes a final judgment on the merits, and prevents [the plaintiff] from reasserting the same claim in a subsequent action[,]" even where the parties settled and stipulated to dismissal. *Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993). As for the third factor, the parties to the prior action are identical to the parties in the present action.

Thus, the only dispute is whether the first factor is satisfied. To determine if there is "an identity of claims," the Court of Appeals has held that:

> Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The Court of Appeals has held that the first consideration—whether the two actions arise out of the same nucleus of facts—is the "most important" and "outcome determinative." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1028 (9th Cir. 2019). The court has found that:

> in most res judicata cases, the inquiry about the "same transactional nucleus of facts" *is the same inquiry as* whether the claim could have been brought in the previous action. If the harm arose at the same time, then there was no reason why the plaintiff could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint.

*United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (emphasis in original).

Here, in plaintiff's most recent action that settled, she alleged the following in the operative complaint. "Wells Fargo had taken checks meant for [her father's property], altered the account numbers on the checks and applied those funds to [her property] instead, without Plaintiff's permission or even notifying Plaintiff." *Robinson v. Clear Recon Corp. et al.*, Case No. 2:20-cv-1874-DAD-CKD, ECF No. 60 ¶ 41 (E.D. Cal. July 28, 2022). In 2014, Wells Fargo claimed that plaintiff "had failed to pay the mortgage amounts due on [her father's property] and instead [was] keeping rent payments to herself." *Id.* ¶ 44. Plaintiff "attempted to contact Wells Fargo to determine[] why it had informed [a third party] that Plaintiff failed to make payments [on her father's property]." *Id.* ¶ 45. Later in 2015, Wells Fargo "sent a letter stating that [her father's property] had been sold and the account [was] paid in full." *Id.* ¶ 46. From 2015 to 2017, plaintiff "requested many times that Wells Fargo explain what had happened with payments meant for [her father's property] and requested accurate accountings for both" properties. *Id.* ¶ 48. In 2017, Wells Fargo allegedly acknowledged its error and made payments to the bankruptcy trustee, as plaintiff had filed for bankruptcy two years prior. *Id.* ¶¶ 36, 50. In the operative complaint, plaintiff brought claims for violations of the federal Real Estate Settlement Procedures Act and California's Unfair Competition Law. *Id.* ¶¶ 75-97.

The present action arises "out of the same transactional nucleus of facts" as the prior action. *See Mpoyo*, 430 F.3d at 987. As noted, the crux of the SAC is that defendant misapplied mortgage payments to her property rather than to her father's property. *See* ECF No. 11 ¶¶ 9-14. Instead of bringing identical causes of action, plaintiff now brings claims for violation of the Fair Credit Reporting Act, violation of California's Consumer Credit Reporting Agencies Act, and negligence. *See id.* ¶¶ 27-44. Plaintiff argues that because the present action focuses on distinct legal issues that were not previously adjudicated, her claims are not barred. ECF No. 14 at 19.

However, any harm that arose from inaccurate reporting and negligence arose at the same time as any harm that plaintiff addressed in her prior action. Consequently, there was no reason why plaintiff could not have brought these claims in the prior action; indeed, she "simply could have added" the claims to the operative complaint. *See Liquidators of Eur. Fed. Credit Bank*, 630 F.3d at 1151 ("If the harm arose at the same time, then there was no reason why the plaintiff

could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint."). In fact, plaintiff acknowledges in her supplemental opposition that "the injuries alleged in the present action . . . were not abandoned but instead arose from the same alleged payment irregularities that Plaintiff consistently brought to the attention of counsel, regulatory agencies, and Defendant." ECF No. 16 at 4. Plaintiff argues that the "the strategic decisions of prior counsel concerning which legal claims to assert do not necessarily establish that every legal theory arising from Defendant's alleged conduct was fully litigated, adjudicated, or resolved." *Id*. at 4. However, this argument misses the mark. The court's inquiry is not whether every possible issue was litigated in the prior action; rather, it is whether both actions arise "out of the same transactional nucleus of facts." *See Mpoyo*, 430 F.3d at 987. To be sure, plaintiff presents no argument as to why she would not have been able to previously bring the present claims, except for a suggestion that her counsel seemingly decided not to do so. *See* ECF No. 16 at 3-4.

I find that the prior action and the present action arise out of the same nucleus of facts. Because the common-nucleus inquiry is "outcome determinative," there is an identity of claims. *See Media Rts. Techs., Inc.*, 922 F.3d at 1028.

Accordingly, all factors are satisfied such that plaintiff's claims are barred by res judicata. The SAC should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for permission to electronically file, ECF No. 10, is DENIED.
2. The Clerk of Court is instructed to terminate defendant Clear Recon Corp. from this action.

Further, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 12, be GRANTED with prejudice.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE